UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22372-BLOOM/Otazo-Reyes

ARTUR TSYSAR,

    Plaintiff,

v.

ALEJANDRO MAYORKAS,
MERRICK B. GARLAND,
UR MENDOZA JADDOU, and
JOHN M. ALLEN,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS COMPLAINT AS MOOT

**THIS CAUSE** is before the Court upon Defendants Alejandro Mayorkas, Merrick B. Garland, Ur Mendoza Jaddou, and John M. Allen's (collectively, the "Government") Motion to Dismiss Complaint as Moot, ECF No. [12] ("Motion"). Plaintiff Artur Tsyar ("Plaintiff") filed a Response ("Response"), ECF No. [13], to which the Government filed a Reply ("Reply"), ECF No. [14]. With leave granted by the Court, Plaintiff filed a Surreply ("Surreply"), ECF No. [17]. The Court has carefully considered the Motion, the Response, the Reply, the Surreply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I.    BACKGROUND

Plaintiff commenced this case on July 28, 2022, seeking mandamus, injunctive and declaratory relief arising from the Government's June 29, 2022, decision denying Plaintiff's Form I-140 petition to classify Plaintiff as an immigrant worker of extraordinary ability ("Decision"). *See* ECF No. [1] ("Complaint"). Plaintiff requests that the Court set aside and vacate the Decision

on the grounds that it is arbitrary, capricious, and not in accordance with law or supported by substantial evidence, and to direct the Government to approve Plaintiff's Form I-140. In addition, Plaintiff requests that the Court enter an order compelling the Government to hold in abeyance Plaintiff's pending Form I-485 Application to Register Permanent Residence or Adjust Status during the pendency of this case.

In the Motion, the Government seeks dismissal of the Complaint arguing that this case is moot, and the Court lacks subject matter jurisdiction because Plaintiff's Form I-140 has been reopened and the Decision withdrawn.

## II.    LEGAL STANDARD

### A. Rule 12(b)(1)

Rule 12(b)(1) provides the proper framework for evaluating a motion to dismiss on grounds of mootness. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States,* 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence,* 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the

existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1), the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.,* 275 F. App'x 879, 880 (11th Cir. 2008) (citing *Morrison v. Amway Corp.,* 323 F.3d 920, 925 (11th Cir. 2003)).

**B. Mootness**

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Att'y Gen.,* 468 F.3d 763, 768 (11th Cir. 2006). "A federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Harrell v. The Fla. Bar,* 608 F.3d 1241, 1265 (11th Cir. 2010) (quoting *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, (1992)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting *Adler v. Duval Cnty. Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Powell v. McCormack,* 395 U.S.

486, 496 (1969)). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* at 1217. Thus, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.,* 382 F.3d 1276, 1282 (11th Cir. 2004) (quoting *Al Najjar*, 273 F.3d at 1336); *see also Fla. Ass'n of Rehab. Facilities, Inc.*, 225 F.3d at 1217.

### III.   DISCUSSION

In the Motion, the Government mounts a factual attack. It argues that this case should be dismissed as moot because after this case was filed, on September 28, 2022, the Government reopened Plaintiff's Form I-140 and withdrew the original Decision. ECF No. [12] at 1. The same day, the Government served Plaintiff a Notice of Intent to Deny ("NOID"). *Id* at 2. Plaintiff responds that this case is not moot because the Government's *sua sponte* reopening was procedurally defective and invalid. ECF No. [13] at 1. Plaintiff further contends that the NOID demonstrates that the Government's actions constitute a bad faith effort to deprive this Court of subject matter jurisdiction. *Id*. at 2. The Government replies that it has the authority to *sua sponte* reopen an investigation and that the NOID requests additional evidence to allow Plaintiff an opportunity to correct deficiencies. ECF No. [14] at 1-5. The Government further argues that the NOID does not constitute a final agency decision and therefore there is no final decision that gives this Court jurisdiction. *Id*. at 5-6. In his Surreply, Plaintiff reiterates his argument that the Government's reopening was procedurally improper and asserts that the Government does not intend to give him a chance for genuine reconsideration, but that the Government just seeks an

opportunity to issue a better, less defective decision denying his Form I-140 for judicial review. ECF No. [17] at 1-4.

"In order to bring suit under the APA, plaintiffs must demonstrate that the decision at issue was 'final agency action.'" *Canal A Media Holding, LLC v. United States Citizenship & Immigration Services*, 964 F.3d 1250, 1255 (11th Cir. 2020) (quoting 5 U.S.C. § 704).

> As a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the "consummation" of the agency's decision making process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow."

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citations omitted). Federal jurisdiction is "lacking when the administrative action in question is not 'final within the meaning of 5 U.S.C. § 704." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003).

Here, Plaintiff does not dispute that he received the service motion reopening the review of his Form I-140. Rather, Plaintiff contends that reopening was (1) procedurally defective; and (2) a bad faith tactic to issue a "better, less defective decision for judicial review." *See* ECF No. [17].

    **A.    Procedural Defect**

Plaintiff argues that the reopening was procedurally defective because "[u]nder 8 C.F.R. §103.5(a)(5)(ii), the Service must provide the affected party 30 days to respond with a brief to a service motion to reopen the proceedings" and the Government failed to provide the thirty (30) day period and Plaintiff did not waive the thirty (30) day period. ECF No. [13] at 3. Plaintiff contends that because the Government did not comply with the regulations, it is in violation of the *Accardi* doctrine which "stands for the 'unremarkable proposition that an agency must abide by its own regulations.'" ECF No. [13] at 4 (quoting *Chevron Oil Co. v. Andrus*, 588 F.2d 1383 (5th

5

Cir. 1979)). Plaintiff argues that the Court should therefore set aside the reopening and issuance of the NOID because they were effectuated improperly. *Id* at 3-4 (citing 5 U.S.C.A. § 706(2)(D)).

The Government responds that it adhered to the requirements of 8 C.F.R. §103.5(a)(5)(ii). The Government contends that the "brief" contemplated in the regulation permits the party to submit a response addressing the specific deficiencies listed by the agency upon reopening. ECF No. [14] at 2. Here, the Government provided Plaintiff with a list of deficiencies in the NOID served contemporaneously with the reopening. ECF No. [14] at 2. The Government asserts that it received a response from Plaintiff on October 27, 2022, and that it must now review the response to determine if Plaintiff has met the eligibility criteria. *Id* at 3.

In his Surreply, Plaintiff contends that contrary to the Government's argument, the "30-day period contemplated by 8 C.F.R. § 103.5(a)(5)(ii) cannot refer to the timeframe to answer the request for production that follows the reopening" because the plain meaning of the word "motion" as it appears in the regulation controls. ECF No. [17] at 2. Plaintiff asserts that when applying the plain meaning of the word "motion" the case is not automatically reopened on the Government's motion, and Plaintiff should have been given thirty (30) days to respond to the motion to reopen before a decision was reached. *Id* (citing *Otero v. Johnson*, CIV 16-090-TUC-CKJ, 2016 WL 6476292 (D. Ariz. Nov. 2, 2016)). In *Otero*, that Court found that under the relevant regulation, "the motion is made first, then presumably an opportunity for a claimant to submit a brief, and then the issuance of a decision." *Otero*, 2016 WL 6476292, at *12. The Government, in its Response, cited a contrary decision from the Second Circuit finding that "[i]n light of the regulation's surrounding text, "motion" here refers to the officer's decision to reopen the case, and is not an invitation for an applicant to argue whether USCIS should reopen the case*." 6801 Realty Co., LLC v. United States Citizenship & Immigration Services*, 719 F. App'x 58, 61 (2d Cir. 2018).

The Court agrees with the Government and finds the Second Circuit's decision to be instructive. The Regulation provides that "[w]hen a Service officer, on his or her own motion, reopens a Service proceeding or reconsiders a Service decision in order to make a new decision favorable to the affected party, the Service officer shall combine the motion and the favorable decision in one action." 8 C.F.R. § 103.5(a)(5)(i). However, "[w]hen a Service officer, on his or her own motion, reopens a Service proceeding or reconsiders a Service decision, and the new decision may be unfavorable to the affected party, the officer shall give the affected party 30 days after service of the motion to submit a brief." 8 C.F.R. § 103.5(a)(5)(ii). It is evident that the service officer has discretion to reopen a service proceeding *sua sponte*. Because the affected party is permitted to file a brief only where the new decision may be unfavorable, it follows that the brief submitted would be for the purpose of curing deficiencies that will otherwise lead to the unfavorable decision.

Two other cases from the Middle District of Florida support the Court's conclusion. There, the Government reopened immigration administrative proceedings on their own behalf and provided the plaintiffs an opportunity to submit additional evidence. Each court determined that because the actions were reopened, there was "no longer a live controversy" and "no indication that the Defendants changed course only to deprive the court of jurisdiction." *See Serrar v. Sec'y, Dep't of Homeland Sec.*, 612CV1714ORL22KRS, 2013 WL 12323968, at *5 (M.D. Fla. Aug. 9, 2013); *Quiroga v. Sec'y, Dep't of Homeland Sec.*, 5:21-CV-236-OC-30PRL, 2021 WL 9408882, at *1 (M.D. Fla. Oct. 12, 2021). Here too, the Government apparently gave Plaintiff an opportunity to cure defects (listed in the NOID) in his I-140 form. As such, the Court does not find procedural defects in the Government's reopening and determines that by reopening, the Government divested this Court of jurisdiction.

### B. Bad Faith

Plaintiff argues that the Government's reopening was in bad faith and requests evidence that the Government intends to provide a genuine opportunity for Plaintiff to submit evidence and arguments. ECF No. [13] at 6-12. In support, Plaintiff cites a District of Columbia decision finding that when there is evidence that the government reopened a case not to reconsider new evidence, but to delay a decision, "or when there is no indication as to what new information the agency can review, courts have held that reopening a case does not render a final agency action nonfinal." *RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 51 (D.D.C. 2019). The Government responds that *RELX* is distinguishable. It contends that there was no evidence in *RELX* that the requirement of service of a motion was satisfied and here, it is undisputed that the motion was served. ECF No. [14] at 4. Moreover, by providing Plaintiff with the NOID to put Plaintiff on notice of the deficiencies and requesting additional information, the Government has shown that it did not reopen these proceedings in name only. *Id.*

In his Surreply, Plaintiff contends that the reopening was not a genuine reconsideration of its denial and quotes the Government's Reply that "a review of the record and beneficiary's A file indicates that USCIS did not sufficiently address all the documentary evidence provided in support of Form I-140." ECF No. [17] at 3-4. However, no such quote or anything similar can be found in the Government's Motion or Reply. As such, the Court is unconvinced that the reopening "was only for purposes of issuing a better, less defective decision for judicial review." *See id.*

The Government contends that they reopened proceedings to avoid piecemeal litigation. *Id* at 5. In support of its contention, the Government cites two cases from other districts in which the courts found that the reopening of a Form 1-140 petition was appropriate and rendered the original decision not final, divesting the Court of subject matter jurisdiction. *See* ECF No. [14] at 5. A

District Court in Massachusetts said, "[w]ith the APA's purpose of avoiding piecemeal litigation in mind, the court finds that it would be a futile exercise to review the AAO's initial decision given that a new decision will soon supplant it." *Shenouda v. Roark*, CIV.A. 09-10785-RGS, 2009 WL 4782098, at *2 (D. Mass. Dec. 9, 2009). Similarly, the Northern District of Illinois found that "[t]he purpose of the AAO's reopening of this matter is to issue a new decision regarding the I-140 petition. Because the AAO will issue a new decision regarding Plaintiffs' rights, the underlying matter is not final for judicial review because the agency has not completed its decision making process." *Fine Cuts, Inc. v. Dept of Homeland Sec.*, 10 C 22, 2010 WL 11712783, at *2 (N.D. Ill. Aug. 26, 2010) (internal citations omitted). Here too, the Court finds that the Decision issued is no longer a final decision that this Court may review.

Because the Court has concluded that there is no bad faith and that the Court has been divested of jurisdiction by the Government's reopening of the Form I-140, it declines to address Plaintiff's request for an extra-record investigation.

### IV.    CONCLUSION

Accordingly, the Motion, **ECF No. [12]**, is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's refiling upon entry of a final agency action. Any pending motions are denied as moot and all deadlines are terminated. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 23, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record